UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR20-302 ADM/ECW

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 371 |
| | 18 U.S.C. § 922(g)(1) |
| v. | 18 U.S.C. § 924(e)(1) |
| | 26 U.S.C. § 5841 |
| (1) DAMIEN LASHAUN NELSON and | 26 U.S.C. § 5861(d) |
| (2) MELISSA HALLICH, | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNT 1
(Conspiracy – Felon in Possession of Firearms)

From on or about at least June 15, 2020, through on or about at least October 28, 2020, in the State and District of Minnesota and elsewhere, the defendants,

**DAMIEN LASHAUN NELSON, and
MELISSA HALLICH,**

knowingly and intentionally conspired with each other and with others to violate Title 18, United States Code, Section 922(g)(1), which makes it a federal crime to be a felon in possession of a firearm, and Title 18, United States Code, Section 922(a)(6), which makes it a federal crime to make a false statement during the purchase of a firearm, all in violation of Title 18, United States Code, Section 371.

### OVERT ACTS

During and in furtherance of the conspiracy, the defendants committed the following overt acts, among others:

SCANNED
DEC 29 2020
U.S. DISTRICT COURT MPLS

United States v. Damien Lashaun Nelson, et al.

1. **Straw purchases by Melissa Hallich.** On July 29, 2020, defendant Melissa Hallich purchased four separate firearms at Bill's Gun Shop in Robbinsdale, Minnesota as follows:

| Date | Description | Serial Number |
|---|---|---|
| 7/29/2020 | Taurus, PT 140 Millennium, .40 caliber semi-automatic pistol | SSL 5204 |
| 7/29/2020 | Smith & Wesson, 442-1, .38 caliber revolver | DMW5433 |
| 7/29/2020 | Sccy, CPX-1, 9mm semi-automatic pistol | 935861 |
| 7/29/2020 | Sccy, CPX-1, 9mm semi-automatic pistol | 9314080 |

When she purchased the firearms, Hallich falsely attested on the required ATF Form 4473 that she was the actual purchaser of the firearms, when in fact she was not. She purchased the firearms at the direction of, and with money provided by, co-defendant Damien Lashaun Nelson, who, as Hallich well knew, was a convicted felon who is prohibited from possessing firearms.

2. On October 26, 2020, Hallich was interviewed by agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) regarding her purchase of the four firearms referenced above. In furtherance of the conspiracy, Hallich falsely stated that she still was in possession of three of the four guns and that they currently were stored at her Brooklyn Park, Minnesota residence. She admitted during the interview that she knew when she purchased the guns that Nelson is prohibited from possessing firearms. She falsely claimed

that Nelson did not have anything to do with her July 29, 2020 purchase of the four firearms.

3. On October 28, 2020, ATF agents went to Hallich's residence in Brooklyn Park, Minnesota in order to confirm her claim that she was still in possession of three of the four firearms she purchased on July 29, 2020. Hallich did not come to the door, but later that day sent a text to one of the ATF agents in which she admitted that the guns were no longer in her possession. In furtherance of the conspiracy, she falsely claimed she had sold them on September 28, 2020 to a third party, who she named. Follow up investigation revealed that her claim that she sold the three guns to the named third party was false.

4. <u>Straw purchases by Unindicted Co-Conspirator #1</u>. Between June 15, 2020 and June 17, 2020, defendant Damien Nelson directed Unindicted Co-Conspirator #1 (UCC #1) to purchase two firearms on his behalf. UCC #1 first attempted to purchase the firearms from Gander Outdoors in Lakeville, Minnesota, but employees there became suspicious and would not complete the transaction. UCC #1 then went to Cabela's in Woodbury, Minnesota and successfully purchased two firearms on Nelson's behalf.

5. <u>Attempted Straw purchases by Unindicted Co-Conspirator #2</u>. Between June 16, 2020 and June 17, 2020, Defendant Damien Nelson directed Unindicted Co-Conspirator #2 (UCC #2) to purchase two firearms on his behalf. UCC #2 attempted to purchase two firearms from Bill's Gun Shop in Robbinsdale, Minnesota, but could not produce valid identification and the sale was not completed.

United States v. Damien Lashaun Nelson, et al.

## COUNT 2
(Felon in Possession of a Firearm – Armed Career Criminal)

On or about October 22, 2020, in the State and District of Minnesota, the defendant,

**DAMIEN LASHAUN NELSON,**

having previously been convicted of the following offenses, each of which was punishable by imprisonment for a term exceeding one year, and at least three of which were violent felonies committed on occasions different from one another:

| Offense | Court | Conviction Date (on or about) |
|---|---|---|
| Felony domestic abuse – violate order for protection | Dakota County, MN | 10/16/2012 |
| Felony violation of a no-contact order | Dakota County, MN | 10/16/2012 |
| Felony violation of a no-contact order | Dakota County, MN | 10/16/2012 |
| Felony 5th degree sale of a controlled substance | Dakota County, MN | 2/12/2014 |
| Felony robbery and felony domestic assault | Dakota County, MN | 2/12/2014 |
| Felony violation of a no-contact order within 10 years of the first two or more convictions | Scott County, MN | 9/7/2018 |
| Felony violation of a no-contact order within 10 years of the first two or more convictions | Scott County, MN | 9/7/2018 |
| Felony domestic assault and terroristic threats | Hennepin County, MN | 12/3/2018 |

and knowing he had been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly and intentionally possessed, in and affecting interstate commerce, a loaded Western Field, Model 30, 12 gauge shotgun with a barrel measuring

less than 18 inches, serial number U44964, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

## COUNT 3
(Possession of an Unregistered Firearm)

On or about October 22, 2020, in the State and District of Minnesota, the defendant,

**DAMIEN LASHAUN NELSON,**

knowingly and intentionally possessed a firearm, namely, a loaded Western Field, Model 30, 12 gauge shotgun with a barrel measuring less than 18 inches, serial number U44964, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

## FORFEITURE ALLEGATIONS

If convicted of Counts 1 or 2 of this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm with accessories or any ammunition involved in or used in any knowing violation of Sections 371, 922(g)(1), and 922(a)(6), including the following firearms:

- A Taurus, PT 140 Millennium, .40 caliber semi-automatic pistol, serial number SSL 5204;
- A Smith & Wesson, 442-1, .38 caliber revolver, serial number DMW5433;
- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 935861;
- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 9314080; and
- A Western Field, Model 30, 12 gauge shotgun with a barrel measuring less than 18 inches, serial number U44964.

5

United States v. Damien Lashaun Nelson, et al.

If convicted of Count 3 of the Indictment, defendant Damien Nelson shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872 in conjunction with Title 28, United States Code, Section 2461(c), any firearm involved in any violation of the National Firearms Act, including, but not limited to a Western Field, Model 30, 12 gauge shotgun with a barrel measuring less than 18 inches, serial number U44964.

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY                    FOREPERSON