UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-302(1) (ADM/ECW)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAMIEN LASHAUN NELSON,

      Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Damien Lashaun Nelson, hereby agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It is not binding upon any other United States Attorney's Office or any other federal or state agency.

FACTUAL BASIS

1.    <u>Count 1 (Firearms Conspiracy)</u>. The government and the defendant stipulate and agree that, from on or about at least June 15, 2020, through on or about at least October 28, 2020, in the State and District of Minnesota and elsewhere, the defendant knowingly and intentionally conspired with co-defendant Melissa Hallich and others to violate Title 18, United States Code, Section 922(g)(1), which makes it a federal crime to be a felon in possession of a firearm, and Title 18, United States Code, Section 922(a)(6), which makes it a federal crime to make a false statement during the purchase of a firearm, all in violation of Title 18, United States Code, Section 371. Specifically,

during June and July 2020, Damien Nelson, a multi-convicted felon, used three separate women to buy or attempt to buy for him a total of six firearms. Straw Purchaser #1, bought two handguns at Nelson's direction from Cabela's in Woodbury. Straw Purchaser #2 attempted to buy two handguns from Bill's Gun Shop in Robbinsdale at Nelson's direction, but she did not have a valid form of identification and Bill's would not sell to her. Straw purchaser Melissa Hallich purchased four firearms from Bill's Gun Shop in Robbinsdale at Nelson's direction with funds provided by Nelson. Straw purchaser #1 and Hallich falsely attested on the required ATF Forms 4473 that they were the actual purchasers of the firearms when in fact they were not. The defendant knew he had been convicted of at least one crime punishable by more than one year in prison, knew that he was prohibited from possessing firearms due to his status as a convicted felon, knew it was illegal for someone else to purchase firearms on his behalf, and knew he was committing a crime by having his co-conspirators buy guns on his behalf.

2. <u>Count 3 (Possession of an Unregistered Firearm)</u>. On or about October 22, 2020, in the State and District of Minnesota, the defendant knowingly and intentionally possessed a firearm, namely, a loaded Western Field, Model 30, 12 gauge shotgun with a barrel measuring less than 18 inches, serial number U44964, that was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871. Specifically, the defendant possessed the firearm at his residence in Eden Prairie, Minnesota. It was recovered by law enforcement during the execution of a federal search warrant on October 22, 2020.

The defendant knew of the gun's short barrel, and knew it was illegal for him to possess the firearm.

   3. <u>Penalties</u>.

      A. <u>Count 1</u>. The statutory penalties for Count 1 are as follows:

        i. a maximum of 5 years imprisonment

        ii. a fine of up to $250,000;

        iii. a supervised release term of up to 3 years;

        iv. a mandatory special assessment of $100; and

        v. the assessment to the defendant of certain costs of prosecution, imprisonment, and supervision.

      B. <u>Count 3</u>. The statutory penalties for Count 3 are as follows:

        i. a maximum of 10 years imprisonment;

        ii. a fine of up to $250,000;

        iii. a supervised release term of up to 3 years;

        iv. a mandatory special assessment of $100;

        v. the assessment to the defendant of certain costs of prosecution, imprisonment, and supervision.

   4. <u>Revocation of Supervised Release</u>. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. ' 3583.

   5. <u>Dismissal of Counts/Acceptance of Responsibility</u>. In exchange for the defendant's plea of guilty to Counts 1 and 3, the government agrees to move to dismiss

3

Count 2 (Felon in Possession of a Firearm) at the time of sentencing. The government also agrees to move for a three-level reduction for acceptance of responsibility provided that the defendant (1) testifies truthfully during the change of plea hearing, (2) participates truthfully with the Probation Office in the presentence investigation, (3) does not violate any conditions of pretrial detention and (4) continues to exhibit conduct consistent with acceptance of responsibility.

## GUIDELINE FACTORS

6. The defendant understands that he will be sentenced with reference to the applicable United States Sentencing Guidelines, which are advisory. The parties have stipulated to the following sentencing factors. The parties' stipulations are binding on them but are not binding upon the Court. If the Court determines the sentencing factors to be different from those set forth below, the defendant shall not be entitled to withdraw from the plea agreement. Notwithstanding the following stipulations, nothing in this plea agreement prevents the government from bringing to the attention of the Court and the Probation Office all information in its possession regarding the offense and the defendant's background.

7. <u>Base Offense Level</u>. Because the defendant has at least two prior convictions for a crime of violence, the base offense level for possession of an unregistered sawed-off shotgun is level 26. U.S.S.G. § 2K2.1(a)(1).

8. <u>Specific Offense Characteristics</u>. The parties stipulate that the following specific offense characteristics are applicable in this case, including all relevant conduct, pursuant to U.S.S.G. § 2K2.1(b):

4

    A.    <u>Number of Firearms</u>. A two-level enhancement applies because the defendant possessed a total of 3-7 firearms. U.S.S.G. § 2K2.1(b)(1)(A).

    B.    <u>Destructive Device</u>. An additional two-level enhancement applies because a sawed-off shotgun is considered to be a destructive device. <u>United States v. Hardy</u>, 393 F.3d 747, 749 (8th Cir. 2004).

    C.    <u>Level 29 limit</u>. Although the sum of the base offense level plus the specific offense characteristics is 30, the Guidelines provide that the cumulative total may not exceed 29. U.S.S.G. § 2K2.1(b). Accordingly, the total offense level is 29.

9.   <u>Adjustments/Role in the Offense</u>. The parties agree that none of the adjustments set forth in Guideline Sections 3A1.1 through 3C1.4 is applicable in this case. The parties agree the defendant was an average participant in the offense.

10.   <u>Acceptance of Responsibility</u>. The government will move for a 3-level reduction for acceptance of responsibility under the conditions set forth in paragraph 5.

11.   <u>Criminal History Category</u>. The parties believe that defendant's criminal history category is VI. If the defendant's criminal history category as finally computed is different than category VI, neither party may seek to withdraw from this plea agreement based upon that ground.

12.   <u>Guideline Range</u>. Assuming an offense level of 26 (Level 29 limit - 3 acceptance of responsibility) and a criminal history category of VI, the resulting guideline range is 120-150 months imprisonment. The government conditionally agrees to recommend a sentence of 120 months. This is contingent on the defendant exhibiting good behavior through the date of sentencing.

5

13. <u>Departures/Variances</u>. Both parties reserve their respective rights to seek a departure or variance from the otherwise applicable guideline range.

14. <u>Fine Range.</u> Assuming an offense level of 26, the fine range is $25,000-$250,000.

15. <u>Supervised Release.</u> The Guidelines require the Court to impose a term of supervised release of 1-3 years. U.S.S.G. § 5D1.2(a)(2).

16. <u>Special Assessment.</u> Not later than the day of sentencing, the defendant shall pay to the clerk of the United States District Court $100.00 as payment of the mandatory special assessment.

17. <u>Forfeitures</u>. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearms and associated accessories and ammunition:

- A Taurus, PT 140 Millennium, .40 caliber semi-automatic pistol, serial number SSL 5204;

- A Smith & Wesson, 442-1, .38 caliber revolver, serial number DMW5433;

- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 935861;

- A Sccy, CPX-1, 9mm semi-automatic pistol, serial number 9314080; and

- A Western Field, Model 30, 12 gauge shotgun with a barrel measuring less than 18 inches, serial number U44964.

The defendant agrees that the United States may, at its option, forfeit the foregoing property through civil, criminal or administrative proceeding. The defendant waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons

6

any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition. The United States reserves its right to proceed against any of the defendant's other assets if said assets represent real or personal property involved in violations of United States law, or are proceeds traceable to such property. The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit additional directly forfeitable property.

18.   Entire Agreement. This is the entire agreement and understanding between the United States and the defendant.

Date: 4/27/21

Respectfully submitted,

W. ANDERS FOLK
Acting United States Attorney

BY: JEFFREY S. PAULSEN,
Assistant U.S. Attorney

Date: 4/14/21

Damien Lashaun Nelson
Defendant

Date: 4/20/21

Kevin O'Brien
Counsel for Defendant