UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Damien Lashaun Nelson,     Defendant.

MEMORANDUM OPINION AND ORDER
Criminal No. 20-302(1) ADM/ECW

_____

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, Minnesota, on behalf of Plaintiff.

Damien Lashaun Nelson, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Damien Lashaun Nelson's ("Nelson") pro se Motion for Return of Property [Docket No. 135]. Nelson seeks the return of "cellular phones, [a] laptop, and other electronic devices" that were seized in relation to his case. For the reasons stated below, the Motion is granted in part and denied in part.

## II. BACKGROUND

In August 2020, Nelson was charged in Dakota County District Court with one count of third-degree sexual assault and six counts of felony domestic assault arising from a reported domestic assault of S.T. by Nelson. Gov't Ex. 1 [Docket No. 137, Attach. 1]; Presentence Investigation Report ("PSR") [Docket No. 100] ¶¶ 8, 65. The Burnsville Police Department took custody of S.T.'s Apple laptop as part of the investigation. Gov't Ex. 2 [Docket No. 137, Attach. 2]. The Dakota County Complaint was later amended to add four counts of second-degree sex trafficking, stalking, two counts of first-degree criminal sexual conduct (penetration) and one

count of second-degree criminal sexual conduct by force or coercion with personal injury.  Gov't Exs. 3, 4 [Docket No. 137, Attachs. 3, 4]; PSR ¶¶ 65-66.

In October 2020, state and federal law enforcement officers executed search warrants on Nelson's residence and vehicles and seized multiple firearms, ammunition, three cell phones, a 2TB external hard drive, and an Apple Watch 6.  Gov't Ex. 5 [Docket No. 137, Attach. 5]; PSR ¶ 16.  Two of the cell phones (a black iPhone 11 Pro Max and a black iPhone SE) and the Apple Watch were found on the front passenger's seat of Nelson's truck.  Gov't Ex. 5.  The third cell phone (a green iPhone) was found in Nelson's roommate's bedroom.  Id.  The 2TB hard drive was found in the entryway of Nelson and his roommate's residence.  Id.  ATF took these items into custody.  Id.

Forensic examination of the two black iPhones seized from Nelson's vehicle revealed evidence (including texts, photographs, and videos) of sex trafficking, domestic violence, and sexual assault committed by Nelson.  See Gov't Exs. 7, 8 [Docket No. 137, Attachs. 7, 8].  The evidence was turned over to the Burnsville Police Department to aid in the investigation and prosecution of the charges filed against Nelson in Dakota County.  Gov't Ex. 7.

In December 2020, a federal grand jury returned a three-count indictment against Nelson, charging him with conspiracy to possess firearms as a felon, felon in possession of firearms, and possession of an unregistered firearm.  Indictment [Docket No. 1].

In May 2021, Nelson entered a plea of guilty in the Dakota County case to felony sex trafficking and second-degree criminal sexual conduct.  See PSR ¶ 65.  The Dakota County district court sentenced him to concurrent state prison terms of 180 months on the sex trafficking conviction and 280 months for the second-degree criminal sexual conduct conviction.  Id.

Also in May 2021, Nelson entered a plea of guilty in his federal case to conspiracy to possess firearms as a felon (Count 1) and possession of an unregistered firearm (Count 3). See Min. Entry [Docket No. 55]; Plea Agreement [Docket No. 56]. This Court sentenced him to 60 months on Count 1, and to a concurrent term of 120 months on Count 3, with 60 months of the total federal sentence to run consecutively with Nelson's state court sentence. See Minute Entry [Docket No. 96]; Sentencing J. [Docket No. 97] at 2.

Nelson now moves for an order directing the Government to release "all of [his] property that was seized in relation to this case." Mot. at 1. He describes his property as "cellular phones, [a] laptop, and other electronic devices." Id. The Government has filed a Response [Docket No. 137] opposing the Motion.

### III.  DISCUSSION

**A.  Legal Standard**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person whose property has been seized by the government may petition the district court for its return. Jackson v. United States, 526 F.3d 394, 396 (8th Cir. 2008). The movant must first show that he is lawfully entitled to the property and that the government has or had the property. United States v. Howard, 973 F.3d 892, 894 (8th Cir. 2020). The movant's burden can be satisfied by showing that the property was seized from the movant's possession, because a person from whom property is seized is presumed to have a right to its return. Jackson, 526 F.3d at 396.

If the movant meets this initial burden, the government must establish a legitimate reason to retain the property. Id. at 397. "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" Jackson, 526 F.3d

3

at 397 (quoting United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002)). Denial of a Rule 41(g) motion is also appropriate if the seized property is "derivative contraband," meaning "property that may be lawfully possessed but which became forfeitable because of unlawful use." United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (abrogated in part on other grounds by Henderson v. United States, 575 U.S. 622 (2015)); see also Howard, 973 F.3d at 895 (holding that digital scales, baggies and surveillance cameras used in defendant's drug trafficking conspiracy were derivative contraband and thus not subject to return).

A proceeding under Rule 41(g) may include an evidentiary hearing, but no such hearing is required "[w]hen it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property." Felici, 208 F.3d at 670.

**B. Analysis**

Nelson vaguely describes his property as "cellular phones, [a] laptop, and other electronic devices," but he provides no further details to identify the property, and he has not provided any evidence of his lawful entitlement to the property. Mot. at 1. With respect to the laptop, the Government has submitted evidence showing that the laptop belonged to S.T. (the victim of S.T.'s sex trafficking and sexual assault) and was returned to her in January 2022. See Gov't Exs. 2, 6. As such, Nelson cannot satisfy his initial burden of showing he is lawfully entitled to this item.

Nelson has also failed to show that he is lawfully entitled to the green iPhone seized from his roommate's bedroom, or the 2TB external hard drive seized from the entryway of the shared apartment. Because Nelson has not established a cognizable claim of entitlement to these items, he is not entitled to their return.

As for the two black iPhones, the Government concedes that the seizure of these phones from the passenger's seat of Nelson's vehicle is likely sufficient to establish Nelson's asserted ownership claim. Gov't Response at 7-8. However, the black iPhones contain several texts and pictures showing that Nelson used these phones to facilitate sex trafficking. See Gov't Exs. 7, 8. As such, the two black iPhones constitute derivative contraband and the Government is not required to return them. See United States v. Costanzo, No. 10-146, 2013 WL 3947151, at *1 (D. Neb. Aug. 1, 2013) (stating that cell phones used to promote prostitution are derivative contraband and need not be returned).

Regarding the Apple Watch, the seizure of the watch from Nelson's car is sufficient to establish Nelson's asserted ownership claim. The Government states that investigators were not able to examine the Apple Watch's contents and that it is unknown whether the Apple Watch contains derivative contraband or other evidence of Nelson's crimes. The Government asserts that if the Apple Watch were to be returned to Nelson's designee, the contents of the watch must first be wiped and a factory reset performed. The Court agrees that these measures are necessary to ensure that all contraband and evidence of Nelson's crimes are completely removed from the item before it may be returned. The Court authorizes the Government to forensically wipe the contents of the Apple Watch and perform a factory reset. After these tasks have been completed, the Government shall return the Apple Watch to Nelson's designee.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Damien Lashaun Nelson's pro se Motion for Return of Property [Docket No. 135] is **GRANTED** as to the Apple Watch seized from Nelson's vehicle and **DENIED** in all other respects.

BY THE COURT:

Dated: November 12, 2024

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT